## KENNEDY *against* NIXON.

Where the defendant puts off a cause upon affidavit, he will not be compelled to pay the costs of striking a jury which has been summoned on a rule of the plaintiff for that purpose.

This cause was noticed for trial at the last Hunterdon circuit. The plaintiff had obtained a rule for a struck jury ; this jury had been summoned, and attended. The defendant put off the cause upon affidavit of the absence of a material witness.

*Ewing* said, that upon the taxation of the bill of costs of the term, a question had arisen, whether the plaintiff was entitled to the costs of striking the jury ? He thought that where the cause was put off by the defendant, without any neglect on the part of the plaintiff, that the plaintiff ought to be completely indemnified, and, therefore, ought to be paid the costs he had been put to in striking the jury.

KIRKPATRICK, C. J. said, the plaintiff could only recover the costs to which he is entitled by law. The statute (*Pat.* 261, sec. 16) enacts, that the party applying for a struck jury " shall pay the fees for striking the same, and shall not have any allowance therefor upon the taxation of costs." He did not see, therefore, how they could tax it.

ROSSELL, J. thought the act of assembly was a bar to the plaintiff's claim to these costs.

FORD, J. I think the defendant ought to pay it. The plaintiff ought to be indemnified for the expense he has been put to.

Costs of striking jury not allowed.